**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| NATALIE THOMAS, o/b/o BEVERLY THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. 06-0878-CV-DW-SSA |

**ORDER**

Plaintiff seeks judicial review of the decision of the Commissioner of Social Security

Administration denying her application for benefits under Title XVI of the Social Security Act.

On March 24, 2006, following a hearing, the administrative law judge[1] ("ALJ") found Plaintiff

did not meet the criteria for child disability under the Act. The Appeals Council of the Social

Security Administration denied Plaintiff's request for review. As Plaintiff has exhausted all

administrative remedies, judicial review is now appropriate. See 42 U.S.C. §§ 405(g),

1383(c)(3). After carefully considering the parties' arguments and the submitted record, the

Court affirms the Commissioner's decision for the reasons set forth below.

    I.       Standard of Review

The Court's review is limited to determining if the Commissioner applied the correct

standard of law and whether the Commissioner's findings of fact are supported by substantial

evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d

---

[1] The Honorable William G. Horne.

1037, 1040 (8th Cir. 2007). This review is more than an examination of the record for the

existence of substantial evidence in support of the Commissioner's decision, the Court also takes

into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448,

451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's

decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d

1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal

simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104

F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently,

it must affirm the denial of benefits if there is enough evidence to support either side. Browning

v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

      II.      Discussion

The complete facts and arguments are presented in the parties' briefs and are repeated

here only in part. As there is no argument that the ALJ failed to employ the proper sequential

evaluation process for a SSI claimant under the age of 18, the Court will limit its discussion to

the specific allegations of error.

Plaintiff argues that the ALJ erred in finding that Plaintiff does not suffer from:  1)

"marked" limitations in maintaining concentration, persistence, and pace[2];  2) "marked"

limitations in the area of attending and completing tasks[3]; or 3) "extreme" limitations in the area

of interacting and relating with others.[4]

The ALJ determined that Plaintiff does have limitations in 1) maintaining concentration,

---

[2] Thereby meeting or medically equaling the severity requirements for Listing 112.04.
[3] Thereby functionally equaling the severity requirements of the Listings. See 20 C.F.R. § 416.926a(a).
[4] Thereby functionally equaling the severity requirements of the Listings. See 20 C.F.R. § 416.926a(a).

persistence, and pace; and 2) in the area of attending and completing tasks, but that these limitations were less than "marked." The ALJ based his determination on the documentary evidence and the testimony of the medical expert that testified during the hearing. The ALJ found it significant that Plaintiff was responding well to medication and that reports from Plaintiff's teachers indicated that while she has problems with some tasks, she is able to perform others without incident. These reports and other testing by the school district indicated that Plaintiff was capable of performing various tasks with special accommodation and training. The ALJ also noted that Plaintiff had, at different times, been active in out-of-school activities including girl scouts, swim lessons, chores, church, and team sports. Medical evaluations contained in the record report describe Plaintiff variously as "doing fine"; demonstrating an appropriate level of motor activity, attention and concentration; "doing well"; and "doing very well."

The Court finds the ALJ's determination that Plaintiff's limitations related to maintaining concentration, persistence, and pace, and in the area of attending and completing tasks, were less than "marked" is supported by substantial evidence on the record as a whole.

Plaintiff's third allegation of error relates to the ALJ's determination that Plaintiff suffers from "marked" limitations in the domain of interacting and relating with others. Plaintiff argues that the ALJ erred and should have found that she suffers from an "extreme" limitation in this area.

An "extreme" limitation is one that interferes very seriously with a child's ability to independently initiate, sustain, or complete activities. An "extreme" rating is reserved for the worst impairments. The Court notes that the record clearly documents Plaintiff's inability to interact with others: describing problems with her teachers, occasions of verbally abusive and

3

disruptive behavior in the classroom, physical altercations with her siblings and classmates, brushes with the law, and fighting that resulted in suspensions from school. The record also contains reports by medical professionals and Plaintiff's mother indicating she was able to interact with others during certain circumstances and that this ability is improved when she is taking her prescribed medications. Plaintiff's mother also indicated that Plaintiff's behavior had improved significantly following recent modifications to her medication regimen. The ALJ also had the benefit of his own experience interacting directly with Plaintiff during two separate agency hearings. Although Plaintiff experiences significant limitations in the domain of interacting and relating with others, the Court finds no error with the ALJ's determination that her limitations are less than "extreme" under the Act.

III.     Conclusion

After careful examination of the parties' briefs and the complete record, the Court finds that the Commissioner's determination that Plaintiff did not meet, medically equal or functionally equal the severity requirements of the Listings is supported by substantial evidence on the record as a whole. Therefore, the Court AFFIRMS the Commissioner's decision denying Plaintiff benefits under Title XVI of the Social Security Act.

Date:    April 14, 2008                              /s/ Dean Whipple
                                                        Dean Whipple
                                              United States District Judge

4